IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~EASTERN~~ Northern DIVISION

RECEIVED
2006 JAN 20 A 9:54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
DISTRICT ALA

| | |
|---|---|
| TAMI BRYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: 2:06cv57-VPM |
| vs. ) | |
| ) | JURY DEMAND |
| MEADOWCRAFT, INC. ) | |
| D/B/A PLANTATION PATTERNS, ) | |
| and JACK ABATO ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**I.   INTRODUCTION**

1.   This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a; the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d), 29 U.S.C. §201 et seq; the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132; and the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), codified at 29 U.S.C. §§ 1161 *et seq*. The plaintiff also asserts state law claims of invasion of privacy, assault and battery, and negligent and/or wanton and malicious training, supervision and retention against both defendants.

**II.   JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES**

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Through supplemental jurisdiction, this Court's jurisdiction extends over the

related state law claims of invasion of privacy, assault and battery, and negligent and/or wanton and malicious training, supervision and retention because all such claims arise from a "common nucleus of operative fact." Venue is proper in the Middle District Eastern Division of Alabama under 28 U.S.C. §1391(b).

3. The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. The plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. The plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the EEOC.

### III.  PARTIES

4. The plaintiff, Tami Bryan, is a female citizen of the United States and a resident of the State of Alabama. The plaintiff was hired on or around February 3, 2003, and she was terminated on January 19, 2005.

5. The defendant, Meadowcraft, d/b/a Plantation Patterns, (hereinafter "Plantation Patterns" or "defendant") is an entity subject to suit under Title VII, The Equal Pay Act, ERISA and COBRA. The defendant employs at least fifteen (15) persons.

6. The individual defendant, Jack Abato, is an individual, subject to suit under the state law torts in this complaint.

### IV.  FACTUAL ALLEGATIONS

7. The plaintiff began working for the defendant on or around February 3, 2003 as a Quality Control Supervisor.

8. During her employment the plaintiff was transferred to the position of Fabrication Supervisor and then promoted to the positions of Quality Manager and Training Manager.

2

9. As a Manager, the plaintiff was paid a lower salary than other male mangers who held the same or similar positions. For example the following males held the Quality Manager position but were paid a higher salary than the plaintiff received: Carl Gasner and Gerry Tapley.

10. The plaintiff complained to management that she was paid lower than similarly situated male managers because of her female gender.

11. The plaintiff was also sexually harassed by Jack Abato. Abato subjected the plaintiff to unwelcome sexual touchings and comments.

12. The plaintiff reported the sexual harassment to Human Resources around November of 2004.

13. After the plaintiff complained of gender discrimination and sexual harassment, the defendant's managers began taking adverse employment actions against the plaintiff in the form of disciplines and eventually terminating the plaintiff's employment.

14. The defendant terminated the plaintiff because of her female gender and in retaliation for her complaining of gender discrimination and sexual harassment.

15. The plaintiff's Quality Manager duties were taken over by a male employee.

16. While employed by the defendant, plaintiff had health insurance through the defendant's contract with their health insurance provider, Blue Cross. Following the plaintiff's termination, the defendant company failed to notify the plaintiff of her right to continue health coverage through Blue Cross under the Comprehensive Omnibus Budget Reconciliation Act (COBRA). As a result, plaintiff's health insurance lapsed, and she still does not have any health insurance.

**V.   CAUSES OF ACTION**

   **COUNT I – Violation of the Equal Pay Act**

17.   The plaintiff re-alleges and incorporates by reference paragraphs 1-16 above with the same force and effect as if fully set out in specific detail herein below.

18.   The plaintiff brings this count only against the defendant company.

19.   The plaintiff brings this count under the Equal Pay Act (EPA) of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 206(d).

20.   The defendant willfully paid the plaintiff a lower wage than males performing jobs of equal skill, responsibility, and effort under similar working conditions performing substantially equal work.

21.   The defendants willfully violated the Equal Pay Act by paying the plaintiff unequal wages to those of similarly situated males and others performing a job of equal skill, responsibility and effort under similar working conditions.

   **COUNT II – Gender Discrimination in Violation of Title VII**

22.   The plaintiff re-alleges and incorporates by reference paragraphs 1-21 above with the same force and effect as if fully set out in specific detail herein below.

23.   The plaintiff brings this count only against the defendant company.

24.   The plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended, 42 U.S.C. 1981a.

25.   The defendant discriminated against the plaintiff in her pay by paying her lower wages than males doing the same or similar work.

26.   The defendant terminated the plaintiff because of her female gender.

27. The defendant has failed to articulate a legitimate, non-discriminatory reason for paying the plaintiff less than males and for terminating the plaintiff.

28. The defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's federally protected rights.

29. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

### COUNT III – Sexual Harassment in Violation of Title VII

30. The plaintiff re-alleges and incorporates by reference paragraphs 1-29 above with the same force and effect as if fully set out in specific detail herein below.

31. The plaintiff brings this count only against the defendant company.

32. The defendant company subjected the plaintiff to a sexually hostile work environment and a gender hostile work environment because of her sex that discriminatorily altered the terms and conditions of her employment.

33. The plaintiff subjectively perceived the sexually and gender harassing treatment she received from her supervisor to be hostile and abusive, and such conduct actually discriminatorily altered the conditions of her employment.

34. The plaintiff suffered a tangible employment action when she was discharged.

35. The defendant company was aware of the harassing conduct.

36. The defendant company failed to guard against the misconduct of its employees, failed to train its managers and employees, failed to monitor their performance and failed to take adequate remedial action.

37. The defendant company's sexual and gender harassment policies and procedures for handling complaints of sexual and gender harassment were inadequate or did not exist.

38. The defendant company, through its agents, engaged in a pattern and practice of subjecting its female employees to gender and sexual harassment and a sexually hostile work environment.

39. The defendant company has been aware of this hostile and abusive environment, and continuously refused to take appropriate remedial action.

40. The defendant company ratified and/or condoned such hostile and abusive behavior by failing to take appropriate action.

41. The defendant is directly and indirectly liable for the conduct of its managerial employees, that amounted to the sexual and gender harassment suffered by the plaintiff.

42. The sexually and gender harassing conduct towards the plaintiff, and the defendant company's ratification of such conduct, adversely affected the plaintiff's job because the conduct unreasonably interfered with the plaintiff's employment to such an extent that it made it more difficult for the plaintiff to do her job.

43. The defendant company, by and through its agent, engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's federally protected rights.

44. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

45. Plaintiff is now suffering, and will continue to suffer irreparable injury from

defendant company's unlawful conduct as set forth herein unless enjoined by this Court.

### COUNT IV – Retaliation in Violation of Title VII

46.     The plaintiff re-alleges and incorporates by reference paragraphs 1-45 above with the same force and effect as if fully set out in specific detail herein below.

47.     The plaintiff brings this count only against the defendant company.

48.     The plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended, 42 U.S.C. 1981a.

49.     In retaliation for the plaintiff complaining of discrimination, the defendant took adverse employment actions against her including disciplining her, paying her less than her co-workers, refusing to give her a raise and finally terminating her.

50.     The defendant has failed to articulate a legitimate reason for the adverse employment actions it took against the plaintiff.

51.     The defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's federally protected rights.

52.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

### COUNT V – Failure to Meet Notice Requirements under ERISA and COBRA

53.     The plaintiff re-alleges and incorporates by reference paragraphs 1-52 above with the same force and effect as if fully set out in specific detail herein below.

54.     The plaintiff brings this count only against the defendant company.

55.     This count seeks relief pursuant to the provisions of ERISA, 29 U.S.C. §1132 et seq.

and COBRA, 29 U.S.C. §1161 *et seq.*

56.   Plaintiff's employment with the defendant ended on January 19, 2005.

57.   Plaintiff was the intended beneficiary of a policy of medical insurance issued by Blue Cross to the defendant.

58.   The termination of plaintiff's employment with the defendant was a qualifying event within the meaning of the notice provisions of ERISA and COBRA, 29 U.S.C. §1163.

59.   The defendant failed to provide to plaintiff a timely notice of eligibility to participate in continued medical insurance coverage as required by ERISA and COBRA.

60.   As a result of defendant's violation of ERISA and COBRA, the plaintiff was not able to elect to continue medical insurance coverage under the Blue Cross plan, and she has suffered losses for medical services incurred following the termination of her employment.

61.   In addition to recovering losses incurred through having to pay for medical services, the plaintiff is also entitled to recover up to $100 a day from the date of defendant's failure to notify plaintiff of her right to continue her insurance benefits.

   C.   **COUNT VI – Invasion of Privacy**

62.   The plaintiff realleges and incorporates by reference paragraphs 1-61 above with the same force and effect as if fully set out in specific detail hereinbelow.

63.   This count is brought against the individual defendant and the defendant company.

64.   The individual defendant and the defendant company, through the acts of its agents, invaded the privacy of the plaintiff, by, among other things, intruding into the plaintiff's private seclusion.

65.   The defendant company authorized, ratified and/or condoned its agent's actions which

amounted to an invasion of the plaintiff's privacy.

66. The defendants engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's rights.

### D. COUNT VII – Assault and Battery

67. The plaintiff re-alleges and incorporates by reference paragraphs 1-66 above with the same force and effect as if fully set out in specific detail hereinbelow.

68. This count is brought against the individual defendant and the defendant company.

69. The individual defendant assaulted and battered the plaintiff by subjecting her to unwanted touchings.

70. The defendant company authorized, ratified and/or condoned its agent's actions which amounted to an assault and battery of the plaintiff.

71. The defendants engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's rights.

### E. COUNT VIII – Negligent And/Or Wanton Retention and Supervision

72. The plaintiff realleges and incorporates paragraphs 1-71 with the same force and effect as if fully set out in specific detail herein below.

73. This count is only brought against the defendant company.

74. The defendant company maliciously, deliberately, wantonly and/or negligently failed to supervise, monitor and/or train its employees.

75. The defendant company maliciously, deliberately, wantonly and/or negligently retained employees engaging in unlawful conduct.

76. The defendant company also failed to protect employees, such as the plaintiff, from the

unlawful treatment described in this complaint.

77. The defendant company's conduct proximately caused the plaintiff to suffer great emotional distress and trauma.

## V. DAMAGES

78. Plaintiff is now suffering, and will continue to suffer irreparable injury from the defendants' unlawful conduct as set forth herein unless enjoined by this Court.

79. The plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of the defendants' unlawful conduct.

80. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory, punitive and liquidated damages is her only means of securing adequate relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant company are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., and 42 U.S.C. Section 1981a, the Equal Pay Act, 29 U.S.C. Section 206(d), the Employee Retirement Income Security Act and the Consolidated Omnibus Budget Reconciliation Act of 1985.

2.      Grant the plaintiff a permanent injunction enjoining the defendant company, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. 1981a, and the Equal Pay Act, 29 U.S.C. Section 206(d) of the Fair Labor Standards Act; the Employee Retirement Income Security Act and the Consolidated Omnibus Budget Reconciliation Act of 1985.

3.      Enter an Order requiring the defendants to make the plaintiff whole by awarding her back pay (plus interest), punitive damages, compensatory damages, reinstatement, front pay, nominal damages, liquidated damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4.      Enter an Order for a statutory penalty against the defendant company and in favor of plaintiff as set forth in ERISA Section 502, 29 U.S.C. § 1132, and for all such other relief as may be provided by the Act and to which plaintiff is entitled.

5.      The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

_____
Jon C. Goldfarb (ASB-5401-F58J)
Maury S. Weiner (ASB-8856-W86M)
Kell A. Simon (ASB-0214-O77K)
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANTS' ADDRESSES**:

Meadowcraft, Inc.,
d/b/a Plantation Patterns
Corporate Office
4700 Pinson Valley Parkway
Birmingham, Alabama 35215

Jack Abato
250 Woodridge Drive
Wetumpka, Alabama