## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **TAMI BRYAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:06-CV-57-MEF** |
| | ) | |
| **MEADOWCRAFT, INC. d/b/a** | ) | |
| **PLANTATION PATTERNS and** | ) | |
| **JACK ABATO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER OF DEFENDANT MEADOWCRAFT, INC.
## TO PLAINTIFF'S COMPLAINT

Defendant Meadowcraft, Inc. d/b/a Plantation Patterns, ("Meadowcraft")
makes the following response to Plaintiff's Complaint:

## DEFENSES

Meadowcraft asserts the following defenses to the Complaint, but does not

assume the burden of proof on any such defenses, except as required by applicable

law with respect to the particular defense asserted. Meadowcraft further reserves

the right to assert additional defenses and/or otherwise to supplement this Answer as discovery progresses.

## FIRST DEFENSE

Any of Plaintiff's claims which arose prior to September 3, 2003, the Effective Date of Meadowcraft's confirmed Second Amended and Restated Plan of Reorganization, have been discharged by operation of the bankruptcy laws, the terms of the Plan, and the terms of the Confirmation Order entered by the United States Bankruptcy Court for the Northern District of Alabama, Southern Division.

## SECOND DEFENSE

To the extent Plaintiff's Title VII claims are based on employment practices or decisions occurring more than 180 days prior to the date she filed her EEOC charge, such claims are barred, as Plaintiff has failed to satisfy the statutory conditions precedent to litigation of such claims under Title VII.

## THIRD DEFENSE

Plaintiff cannot pursue any Title VII claims that are not like or related to the claims raised in her EEOC Charge of Discrimination which is the statutory predicate for claims under Title VII.

## FOURTH DEFENSE

No conduct of Meadowcraft was the proximate cause of, or had any causal connection with, any damages allegedly sustained by Plaintiff.

## FIFTH DEFENSE

To the extent that Plaintiff seeks damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, such damages are limited by the operation of the limitations set forth in 42 U.S.C. §1981a.

## SIXTH DEFENSE

Plaintiff's claims for damages are limited to the extent she has failed or refused to mitigate her damages. Likewise, Plaintiff's claims are limited to the extent Plaintiff has been physically or otherwise unable or unwilling to work and/or to the extent any subsequent employment has been terminated as a result of a decision, action, or omission by Plaintiff.

## SEVENTH DEFENSE

Plaintiff is not entitled to an award of punitive damages under any claim asserted as she has not pled and cannot prove facts sufficient to support an award under applicable law. Further, to the extent Plaintiff seeks punitive damages for her

claims under the Equal Pay Act, ERISA, COBRA or for claims of alleged negligence, the Complaint fails to state a claim upon which relief may be granted because punitive damages are not recoverable for such causes of action as a matter of law.

## EIGHTH DEFENSE

Subjecting Defendant to punitive damages, or affirming an award of punitive damages, would violate the United States Constitution, as well as the Alabama Constitution.

## NINTH DEFENSE

Defendant adopts all defenses made available under the decision rendered by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 809, 116 S. Ct. 1589 (1996).

## TENTH DEFENSE

Defendant has made good faith efforts to comply with the laws against unlawful discrimination and harassment. Defendant adopts all defenses made available to it by the United States Supreme Court's decision in *Kolstad v. American Dental Association*.

## ELEVENTH DEFENSE

Defendant denies unlawfully discriminating against Plaintiff in any manner whatsoever; however, to the extent the fact finder determines that Defendant's actions were motivated by unlawful discrimination, Defendant states that it would have made the same decisions absent any impermissible motive.

## TWELFTH DEFENSE

Defendant denies unlawfully retaliating against Plaintiff in any manner whatsoever; however, to the extent the fact finder determines that Defendant's actions were motivated by unlawful retaliation, Defendant states that it would have made the same decisions absent any impermissible motive.

## THIRTEENTH DEFENSE

Defendant adopts all defenses made available to it under the decisions rendered by the United States Supreme Court in *Faragher v. City of Boca Raton*, 118 S. Ct. 2275 (1998) and *Burlington Industries, Inc. v. Ellerth*, 118 S. Ct. 2257 (1998).

## FOURTEENTH DEFENSE

Defendant exercised reasonable care to avoid harassment.

## FIFTEENTH DEFENSE

Defendant exercised reasonable care to correct promptly any allegedly harassing behavior.

## SIXTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of preventative opportunities with respect to alleged harassment.

## SEVENTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of corrective opportunities with respect to alleged harassment.

## EIGHTEENTH DEFENSE

Plaintiff otherwise unreasonably failed to prevent alleged harm that could have been avoided.

## NINETEENTH DEFENSE

Defendant is not liable on Plaintiff's hostile environment harassment claim as Plaintiff cannot establish that she was subjected to conduct severe or pervasive enough to alter the conditions of her employment as a matter of law.

## TWENTIETH DEFENSE

Plaintiff's claims, or some of them, are barred by the doctrines of waiver and/or estoppel.

## TWENTY-FIRST DEFENSE

Plaintiff's claims, or some of them, are barred by the statute of limitations.

## TWENTY-SECOND DEFENSE

Any pay differentials were based upon seniority, merit, quantity or quality of production and/or factors other than sex.

## TWENTY-THIRD DEFENSE

All employment actions and decisions affecting the Plaintiff were based upon legitimate, non-discriminatory reasons.

## TWENTY-FOURTH DEFENSE

To the extent Plaintiff has been compensated for any alleged damages by receiving payment from other persons or entities, the amount of any such compensation should be set off against any recovery Plaintiff may receive in this action.

## TWENTY-FIFTH DEFENSE

Plaintiff's retaliation claim fails because she has not engaged in a protected activity.

## TWENTY-SIXTH DEFENSE

Meadowcraft pleads the defense of after-acquired evidence.

## TWENTY-SEVENTH DEFENSE

Plaintiff's retaliation claim fails because Plaintiff cannot establish any causal link between that activity and the acts and decisions of Meadowcraft about which she complains.

## TWENTY-EIGHTH DEFENSE

Meadowcraft denies that the Plaintiff can establish the necessary elements of her tort claims; however, to the extent a jury concludes otherwise, Meadowcraft pleads the defenses of consent, assumption of the risk, and/or contributory negligence.

## TWENTY-NINTH DEFENSE

Plaintiff's claims for equitable relief may not be tried before or decided by a jury.

## THIRTIETH DEFENSE

Under the Employee Retirement Income Security Act of 1974 ("ERISA"), Plaintiff is not entitled to seek compensatory, punitive or extra-contractual damages.

## THIRTY-FIRST DEFENSE

Under ERISA, Plaintiff is not entitled to a jury trial.

## THIRTY-SECOND DEFENSE

Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.,* as amended.

## THIRTY-THIRD DEFENSE

Plaintiff's ERISA and COBRA claims are barred because she failed to exhaust her administrative remedies under the plan.

## THIRTY-FOURTH DEFENSE

To the extent (and without admitting that) Plaintiff is entitled to recover any benefits under the Plan, such recovery is subject to setoffs under the terms of the Plan.

## THIRTY-FIFTH DEFENSE

Plaintiff's ERISA and COBRA claims are barred as a result of her failure to comply with the conditions precedent of the Plan.

## THIRTY-SIXTH DEFENSE

To the extent any of Plaintiff's claims are filed outside of the statute of limitations or outside of the limits established by contract, such claims are barred.

## THIRTY-SEVENTH DEFENSE

Meadowcraft at all times acted in good faith and had reasonable grounds for believing that its acts or omissions were not in violation of the law.

## THIRTY-EIGHTH DEFENSE

As a former employee, Plaintiff does not have standing to seek injunctive relief.

## THIRTY-NINTH DEFENSE

Unless expressly stated herein, each and every allegation of Plaintiff's Complaint is denied.


## FORTIETH DEFENSE

For further answer to Plaintiff's Complaint, Meadowcraft in response to each paragraph, answers as follows:


1.      Without conceding any liability to the Plaintiff or any entitlement to relief, Meadowcraft admits that Plaintiff is attempting to bring this action under the federal and state laws referenced in paragraph 1.


2.      Without conceding any liability to the Plaintiff or any entitlement to relief, Meadowcraft admits that this Court has subject matter jurisdiction over the claims brought in this action and that venue is proper.  Meadowcraft denies that it has violated Title VII or any other federal or state statute or common law.


3.      Meadowcraft admits that the Plaintiff filed a charge of discrimination on or about April 19, 2005, which speaks for itself, and that she received a right to sue from the EEOC. Otherwise, the allegations of paragraph 3 are denied.

4.      Admitted.


5.      Admitted.


6.      This paragraph does not require a response from this Defendant.


7.      Admitted.


8.      Meadowcraft admits that during Plaintiff's employment she was transferred to the position of Fabrication Supervisor, temporarily had a title of Quality Control Manager and subsequently had the title of a Training Manager; otherwise, the allegations of paragraph 8 are denied.


9.      Meadowcraft admits that Carl Glasner and Gerry Tapley were paid a higher salary than Plaintiff; otherwise, the allegations of paragraph 9 are denied.


10.     Meadowcraft denies each and every allegation contained in paragraph 10.

11.     Meadowcraft denies each and every allegation contained in paragraph 11.

12.     Meadowcraft denies each and every allegation contained in paragraph 12.

13.     Meadowcraft admits that the Plaintiff's employment was terminated; otherwise, it denies each and every allegation contained in paragraph 13.

14.     Meadowcraft admits that Plaintiff's employment was terminated; otherwise, it denies each and every allegation contained in paragraph 14.

15.     Meadowcraft denies each and every allegation contained in paragraph 15.

16.     Meadowcraft admits that Plaintiff was a participant in Meadowcraft's health insurance plan; otherwise, the allegations of paragraph 16 are denied.

17.     Meadowcraft adopts and incorporates its responses to paragraphs 1-16 as if fully set forth herein.

18.     This paragraph does not require a response.

19.     This paragraph does not require a response.

20.     Meadowcraft denies each and every allegation contained in paragraph 20.

21.     Meadowcraft denies each and every allegation contained in paragraph 21.

22.     Meadowcraft adopts and incorporates its responses to paragraphs 1-21 as if fully set forth herein.

23.     This paragraph does not require a response.

24.     This paragraph does not require a response.

25.     Meadowcraft denies each and every allegation contained in paragraph 25.

26.     Meadowcraft denies each and every allegation contained in paragraph 26.

27.     Meadowcraft denies each and every allegation contained in paragraph 27.

28.     Meadowcraft denies each and every allegation contained in paragraph 28.

29.     Meadowcraft denies each and every allegation contained in paragraph 29.

30.     Meadowcraft adopts and incorporates its responses to paragraphs 1-29 as if fully set forth herein.

31.     This paragraph does not require a response.

32.    Meadowcraft denies each and every allegation contained in paragraph 32.

33.    Meadowcraft denies each and every allegation contained in paragraph 33.

34.    Meadowcraft admits that Plaintiff's employment was terminated; otherwise, Meadowcraft denies each and every allegation contained in paragraph 34.

35.    Meadowcraft denies each and every allegation contained in paragraph 35.

36.    Meadowcraft denies each and every allegation contained in paragraph 36.

37.    Meadowcraft denies each and every allegation contained in paragraph 37.

38.    Meadowcraft denies each and every allegation contained in paragraph 38.

39.    Meadowcraft denies each and every allegation contained in paragraph 39.

40.    Meadowcraft denies each and every allegation contained in paragraph 40.

41.    Meadowcraft denies each and every allegation contained in paragraph 41.

42.    Meadowcraft denies each and every allegation contained in paragraph 42.

43.    Meadowcraft denies each and every allegation contained in paragraph 43.

44.     Meadowcraft denies each and every allegation contained in paragraph 44.

45.     Meadowcraft denies each and every allegation contained in paragraph 45.

46.     Meadowcraft adopts and incorporates its responses to paragraphs 1-45 as if fully set forth herein.

47.     This paragraph does not require a response.

48.     This paragraph does not require a response.

49.     Meadowcraft denies each and every allegation contained in paragraph 49.

50.     Meadowcraft denies each and every allegation contained in paragraph 50.

51.     Meadowcraft denies each and every allegation contained in paragraph 51.

52.     Meadowcraft denies each and every allegation contained in paragraph 52.

53.     Meadowcraft adopts and incorporates its responses to paragraphs 1-52 as if fully set forth herein.

54.     This paragraph does not require a response.

55.     This paragraph does not require a response.

56.     Admitted.

57.     Meadowcraft admits that Plaintiff was a participant in Meadowcraft's healthcare plan.

58.     Admitted.

59.     Meadowcraft denies each and every allegation contained in paragraph 59.

60.     Meadowcraft denies each and every allegation contained in paragraph 60.

61.     Meadowcraft denies that Plaintiff is entitled to any damages or relief.

62.     Meadowcraft adopts and incorporates its responses to paragraphs 1-61 as if fully set forth herein.

63.     This paragraph does not require a response.

64.     Meadowcraft denies each and every allegation contained in paragraph 64.

65.     Meadowcraft denies each and every allegation contained in paragraph 65.

66.     Meadowcraft denies each and every allegation contained in paragraph 66.

67.     Meadowcraft adopts and incorporates its responses to paragraphs 1-66 as if fully set forth herein.

68.     This paragraph does not require a response.

69.     Meadowcraft denies each and every allegation contained in paragraph 69.

70.     Meadowcraft denies each and every allegation contained in paragraph 70.

71.     Meadowcraft denies each and every allegation contained in paragraph 71.

72.     Meadowcraft adopts and incorporates its responses to paragraphs 1-71 as if fully set forth herein.

73.    This paragraph does not require a response.

74.    Meadowcraft denies each and every allegation contained in paragraph 74.

75.    Meadowcraft denies each and every allegation contained in paragraph 75.

76.    Meadowcraft denies each and every allegation contained in paragraph 76.

77.    Meadowcraft denies each and every allegation contained in paragraph 77.

78.    Meadowcraft denies each and every allegation contained in paragraph 78.

79.    Meadowcraft denies each and every allegation contained in paragraph 79.

80.    Meadowcraft denies each and every allegation contained in paragraph 80.

As to the Plaintiff's prayer for relief, Meadowcraft denies that the Plaintiff is entitled to damages or relief of any kind.

WHEREFORE, Meadowcraft demands a judgment in its favor, and an award of its expenses and costs in defense of this action.

s/Kelly H. Estes
Kelly H. Estes (EST011)


s/Laura A. Palmer
Laura A. Palmer (PAL019)

Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: kestes@bradleyarant.com
E-mail: lpalmer@bradleyarant.com
Attorneys for Defendant Meadowcraft, Inc.

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on **March 13, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Jon C. Goldfarb
      Maury S. Weiner
      Kell A. Simon
      Wiggins, Childs, Quinn & Pantazis
      The Kress Building
      301 19th Street North
      Birmingham, Alabama  35203
      Attorneys for Plaintiff
      jcg@wcqp.com
      msw@wcqp.com
      kas@wcqp.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

      None.

      Respectfully submitted,

      s/ Kelly H. Estes
      _____
      Kelly H. Estes
      Bradley Arant Rose & White LLP
      One Federal Place
      1819 Fifth Avenue North
      Birmingham, AL 35203-2119
      Telephone: (205) 521-8000
      Facsimile: (205) 521-8800
      E-mail: kestes@bradleyarant.com