# *Exhibit A*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TAMI BRYAN,** ) | |
| ) | |
|     Plaintiff, ) | |
| ) | **CIVIL ACTION NUMBER** |
| v. ) | **2:06-cv-57-MEF** |
| ) | |
| **MEADOWCRAFT, INC. d/b/a** ) | |
| **PLANTATION PATTERNS and** ) | |
| **JACK ABATO,** ) | |
| ) | |
|     **Defendants.** ) | |

## PROTECTIVE ORDER

Pursuant to the Federal Rule of Civil Procedure 26(c), for good cause shown by agreement of all parties, it is hereby ORDERED:

1. The plaintiff has requested documents containing confidential personnel information regarding current and/or former employees of defendant Meadowcraft, Inc. ("Meadowcraft"), as well as other records of Meadowcraft, and has sought personal tax and financial information from defendant Jack Abato ("Abato"). Further, Meadowcraft, Inc. and/or Abato has requested or will request certain of Plaintiff's medical records. To protect the privacy interests of individuals not parties to this action, the proprietary interests of Meadowcraft, Abato's privacy interests and personal financial information, and the medical records of the plaintiff, such documents shall be treated as confidential under the

terms of this Order, and those documents shall be designated or considered as "CONFIDENTIAL INFORMATION" in the manner set forth in this Order.

2. All documents designated "CONFIDENTIAL INFORMATION" shall be identified as confidential information by placing the word "CONFIDENTIAL" on the face of such documents. In addition, all medical records of the plaintiff received by any third party shall be considered "CONFIDENTIAL INFORMATION."

3. The plaintiff and her counsel and the individual defendant and his counsel shall not give, show, or otherwise divulge any CONFIDENTIAL INFORMATION produced in this action by Meadowcraft, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except employees, experts and consultants employed or retained by their respective counsel in connection with this action; court personnel; court reporters; and persons noticed for depositions or potential trial witnesses to the extent reasonably necessary in preparing to testify in this lawsuit. The plaintiff and her counsel and the individual defendant and his counsel shall use Meadowcraft's CONFIDENTIAL INFORMATION only for purposes of this litigation.

4. Meadowcraft and its counsel and the individual defendant and his counsel shall not give, show, or otherwise divulge any CONFIDENTIAL INFORMATION relating to the plaintiff's medical records (whether received from

the plaintiff or by a third party), or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except employees, experts and consultants employed or retained by their respective counsel in connection with this action; court personnel; court reporters; and persons noticed for depositions or potential trial witnesses to the extent reasonably necessary in preparing to testify in this lawsuit. Meadowcraft and its counsel and the individual defendant and his counsel shall use CONFIDENTIAL INFORMATION relating to the plaintiff's medical records only for purposes of this litigation.

5.  Prior to obtaining access to Confidential Information, any person to whom Confidential Information may be disclosed, except the parties, counsel of record and their personnel, this Court and its personnel, shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment A").  Counsel for the party obtaining a person's signature of the Confidentiality Acknowledgement shall retain the original signed acknowledgement.

6.  Upon written request from the interested party, two years from the final termination of this action, whether upon completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all other persons subject to this Order shall destroy (or

return to counsel for the intended party) all CONFIDENTIAL INFORMATION, including any and all copies, prints, negatives or summaries thereof, and including any and all copies, prints, negatives and summaries in the possession of employees, experts or consultants employed or retained by counsel, except those items compromising any appellate record, trial court record, privileged communications or attorney work product. Counsel shall maintain all CONFIDENTIAL INFORMATION of the opposing party in sealed envelopes or boxes for a period of two years after the final termination of this action. After this two year period has elapsed, upon request from the interested party or such party's counsel, counsel shall certify to the opposing counsel that all such documents have been destroyed or returned. Such certification shall be made within 10 days of the destruction or return of the CONFIDENTIAL INFORMATION.

7. Before prior approval for further disclosure of CONFIDENTIAL INFORMATION is sought from the Court, counsel must confer with opposing counsel and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when prior approval for further disclosure is sought.

8. If counsel is served with a subpoena for any other party's CONFIDENTIAL INFORMATION, the person served shall give to the interested

party's counsel seven (7) days notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing any CONFIDENTIAL INFORMATION demanded in the subpoena.

9. Nothing in this Order shall prejudice a party's right to make any use of, or disclose to any person, any material which that party has designated as CONFIDENTIAL INFORMATION, without prior Court order, or to waive the provisions of this Order with respect to any material which that party has designated as CONFIDENTIAL INFORMATION.

10. Nothing in this Order shall prevent or affect the right of any party to use any CONFIDENTIAL INFORMATION at trial; however, the parties may approach the Court regarding the procedures for handling CONFIDENTIAL INFORMATION prior to the commencement of trial.

11. Nothing in this Protective Order shall be construed as precluding either Defendant or the Plaintiff from objecting to the production, use or admissibility of CONFIDENTIAL INFORMATION.

DONE and ORDERED this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A
CONFIDENTIALITY ACKNOWLEDGEMENT

I, _____, being duly sworn to oath, state the following:

1. I have read and understand the Protective Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated CONFIDENTIAL may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the limited purpose of enforcement of this Protective Order.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any CONFIDENTIAL INFORMATION. If I fail to abide by the terms of this Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Dated:_____

_____
Signature

_____
Printed Name

_____
Address

_____

_____
Individual or Entity Represented